## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
In re:

SIENNA BIOPHARMACEUTICALS, INC.,

Debtor.[1]

-------------------------------------------------------- x

:
:
: Chapter 11
:
: Case No. 19-12051 (MFW)
:
: **Hearing Date:  October 15, 2019 at 11:30 a.m. (ET)**
: **Obj. Deadline:  October 8, 2019 at 4:00 p.m. (ET)**
:

## MOTION OF DEBTOR FOR ENTRY OF ORDER
## AUTHORIZING EMPLOYMENT AND PAYMENT OF
## PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS

Sienna Biopharmaceuticals, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents as follows in support of this motion (this "**Motion**"):

### RELIEF REQUESTED

1.      By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "**Order**"):  authorizing, but not directing, the Debtor to (a) retain the Ordinary Course Professionals (as defined below) without the submission of separate retention applications and the issuance of separate retention orders for each professional, and (b) compensate and reimburse the Ordinary Course Professionals without the submission of individual fee applications, in accordance with the procedures proposed herein.

### JURISDICTION

2.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[1]    The last four digits of the Debtor's federal tax identification number are 4627.  The Debtor's mailing address is 30699 Russell Ranch Road, Suite 140, Westlake Village, California 91362.

Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgements consistent with Article III of the United States Constitution.

## BACKGROUND

4.     On September 16, 2019 (the "**Petition Date**"), the Debtor commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtor is authorized to continue operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in this chapter 11 case.

5.     Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Frederick C. Beddingfield III in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 2].

## ORDINARY COURSE PROFESSIONALS

6.     The Debtor customarily retains the services of various attorneys, accountants, and other professionals to represent it in matters arising in the ordinary course of its

business, unrelated to this chapter 11 case (collectively, the "**Ordinary Course Professionals**").[2] An initial list of the Debtor's Ordinary Course Professionals is attached hereto as Exhibit B (the "**OCP List**").[3] The Debtor is seeking authority to pay the Ordinary Course Professionals during the pendency of this chapter 11 case, subject to the Monthly Fee Cap (as defined below), without the Ordinary Course Professionals having to be formally retained or file fee applications.

7.      In contrast, individual retention applications will be required for any professionals that the Debtor seeks to employ in connection with the administration of this chapter 11 case or in connection with special matters not appropriate for ordinary course treatment (the "**Chapter 11 Professionals**").  Moreover, the Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules, and any orders entered in this chapter 11 case governing professional compensation and reimbursement for services rendered and expenses incurred.

8.      The employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the terms set forth herein are in the best interests of the Debtor, its estate, and its creditors.  The relief requested will save the estate the substantial expenses associated with preparing and filing a separate retention application for each Ordinary Course Professional, and will avoid the incurrence of additional fees relating to the preparation

---

[2]    Notwithstanding anything to the contrary in this Motion, the procedures and limitations set forth in this Motion shall not apply to professionals who are retained and paid by third parties to provide services on behalf of the Debtor or in connection with their assets, nor shall they apply to those professionals who are retained by the Debtor but who are paid directly by third parties.  Such professionals shall be paid by such third parties, as applicable, without regard to the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the procedures approved herein.  In addition, the Debtor requests that any fees and expenses incurred by an Ordinary Course Professional and paid by the Debtor's insurance providers not be applied toward the applicable Ordinary Course Professional's payment cap.

[3]    As discussed more fully below, the Debtor reserves the right to supplement the OCP List attached hereto as Exhibit B and file additional exhibits in the future.

and prosecution of separate fee applications for each Ordinary Course Professional.  Further, the OCP Procedures (as defined below) will relieve the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and any committee appointed in this chapter 11 case of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

9.      To the best of the Debtor's knowledge, none of the Ordinary Course Professionals represent or hold any interest materially adverse to the Debtor or to its estate with respect to the matter in which such Ordinary Course Professional is to be employed.  Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtor, the Debtor does not believe that any of such claims constitute interests materially adverse to the Debtor, its estate, its creditors, or other parties in interest.  By this Motion, the Debtor is neither requesting authorization to pay prepetition amounts owed to any of the Ordinary Course Professionals nor requiring the Ordinary Course Professionals to waive any claim against the Debtor.

## PROPOSED RETENTION AND PAYMENT PROCEDURES

10.     The Debtor recognizes the importance of providing information regarding the Ordinary Course Professionals to the Court, the U.S. Trustee, and other key parties in this chapter 11 case.  Therefore, the Debtor respectfully requests that the Court authorize the below procedures for the retention and payment of the Ordinary Course Professionals (the "**OCP Procedures**"):

a.      Within 30 calendar days of the later of (i) the date of entry of an order granting the relief requested herein and (ii) the date on which the Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional will provide to the Debtor and its counsel a declaration, substantially in the form attached hereto as Exhibit C (the "**Declaration**"), certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with

respect to the matter(s) on which such professional is to be employed.

b.      Upon receipt of the Declaration, the Debtor will file the same with the Court and serve the following parties:  (i) Sienna Biopharmaceuticals, Inc., 30699 Russell Ranch Road, Suite 140, Westlake Village, California 91362 (Attn:    Mark Schneider (email: mschneider@siennabio.com)); (ii) Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071 (Attn:    Ted    A. Dillman, Esq. (email: ted.dillman@lw.com)); (iii) Young Conaway Stargatt & Taylor, LLP, 100 North King Street, Wilmington, Delaware 19801 (Attn: Michael Nestor, Esq. and Kara Hammond Coyle, Esq. (emails:  mnestor@ycst.com and kcoyle@ycst.com)); (iv) counsel to any statutory committee that is appointed in this chapter 11 case; and (v) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Linda Richenderfer (email:  linda.richenderfer@usdoj.gov)) (collectively, the "**OCP Notice Parties**").

c.      If an objection is filed and such objection cannot be resolved within 14 calendar days after service of the objection, the matter will be scheduled for hearing before the Court on the next regularly-scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtor, and the objecting party.

d.      If no objections are filed and properly served within 14 calendar days following the date of service of the Declaration (the "**Objection Deadline**"), or if any objection submitted is timely withdrawn or resolved, the Debtor will be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court effective as of the Petition Date or, if later, the date of engagement.

e.      If the Debtor seeks to retain an Ordinary Course Professional not already listed on the OCP List (an "**Additional Ordinary Course Professional**"), the Debtor will file with the Court a supplement to the OCP List (the "**Supplement**"), providing the name of the Additional Ordinary Course Professional and a brief description of the services to be rendered, and serve a copy of the Supplement upon the OCP Notice Parties.

f.      Each Additional Ordinary Course Professional will be required to provide to the Debtor and its counsel, for filing with the Court and service upon the OCP Notice Parties, a Declaration within 30 calendar days after the filing of the Supplement.  The OCP Notice Parties will then be given 14 calendar days after service of each required Declaration to object to the retention of the Additional Ordinary Course Professional in question.  Any objection would be handled as set forth in subparagraph b.

g.      If no objection is timely submitted or the objection submitted is timely withdrawn or resolved, the Debtor will be authorized to retain the

Additional Ordinary Course Professional as a final matter without further order, effective as of the Petition Date or, if later, the date of engagement.

h.      No Ordinary Course Professional may be paid any amount for invoiced fees or expenses until such Ordinary Course Professional has been retained in accordance with these OCP Procedures.

i.      Once the Debtor retains an Ordinary Course Professional in accordance with these OCP Procedures, the Debtor may pay such Ordinary Course Professional 100% of the fees and expenses upon submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; *provided, however*, that the fees and expenses for each Ordinary Course Professional will not exceed $30,000 per month on average over any three-month period on a rolling basis (the "**Monthly Fee Cap**").[4]

j.      To the extent an Ordinary Course Professional seeks compensation in excess of the Monthly Fee Cap, (i) if the OCP Notice Parties agree to a higher monthly cap for such Ordinary Course Professional, the agreement will be evidenced by the filing of a notice of increased cap amount, which will be deemed approved upon the filing of such notice, without further action by the Court, or (ii) absent such agreement, the Monthly Fee Cap will be enforced, subject to the right of the Debtor to file a motion, on notice to the other OCP Notice Parties, seeking an order to increase the Monthly Fee Cap for the applicable Ordinary Course Professional.

k.      Payments to a particular Ordinary Course Professional will become subject to Court approval based upon an application for allowance of fees and expenses under sections 330 and 331 of the Bankruptcy Code, pursuant to the same procedures that are established for the Chapter 11 Professionals (except that if an Ordinary Course Professional does not in the ordinary course of business maintain time records in tenths of an hour increments, and indicates that to be the case in its Declaration, the requirements of Local Rule 2016-2 shall be waived solely to the extent to allow such Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains its time), only if, and only to the extent that, such payments exceed the Monthly Fee Cap or any other applicable incremental amount agreed to by the OCP Notice Parties or ordered by the Court as set forth in subparagraph i.

l.      Within 30 calendar days following the end of, and with respect to, each full three month period after the Petition Date (including any initial partial month in the first period), the Debtor will file a periodic payment

---

[4]    Any contingency fees earned by an Ordinary Course Professional on account of recoveries realized on behalf of the Debtor would not be subject to the Monthly Fee Cap.

summary statement with the Court and serve such statement upon the OCP Notice Parties.  The summary statement will include the following information for each Ordinary Course Professional:  (i) the name of the Ordinary Course Professional, (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period, and (iii) a general description of services rendered by such Ordinary Course Professional.  The obligation to file summary statements will terminate upon confirmation of a chapter 11 plan in this chapter 11 case, *provided* that a summary statement will be filed with respect to the final period (or partial period) ending on such confirmation date.

### BASIS FOR RELIEF REQUESTED

11.    The Debtor does not believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327(a) of the Bankruptcy Code.  According to the case law, the following factors are used to determine whether an entity is a "professional" in this context:

a.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

c.    whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.    whether the entity is given discretion or autonomy to exercise its own professional judgment in some part of the administration of the debtor's estate;

e.    the extent of the entity's involvement in the administration of the debtor's estate; and

f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re Am. Tissue, Inc.*, 331 B.R. 169, 173 (Bankr. D. Del. 2005); *In re First Merchants Acceptance Corp.*, No. 97-1500 (JJF), 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 of the Bankruptcy Code as those whose

"occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are [merely] involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of administration of the debtor's estate").

12.    These factors must be considered in the totality—none of the factors alone is dispositive. *See First Merchants Acceptance Corp.*, 1997 WL 873551, at *3. Considering all of these factors, the Debtor believes that the Ordinary Course Professionals are not "professionals" within the meaning of section 327(a) of the Bankruptcy Code whose retention must be approved by the Court. In particular, the Ordinary Course Professionals will not be involved in the administration of this chapter 11 case, but rather will provide services in connection with the Debtor's ongoing business operations and services ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtor seeks the relief requested in this Motion to avoid any subsequent controversy as to the Debtor's employment and payment of the Ordinary Course Professionals during this chapter 11 case. The Debtor will seek specific court authority under section 327 of the Bankruptcy Code to retain any professionals involved in the actual administration of this chapter 11 case.

13.    It would severely hinder the administration of the Debtor's estate if the Debtor were required to (a) submit to the Court an application, affidavit, and proposed retention order for each Ordinary Course Professional, (b) wait until such order is approved before such Ordinary Course Professional is able to render postpetition services to the Debtor, and (c) withhold payment of the normal fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to the Chapter 11 Professionals.

14.     Under such conditions, there is a significant risk that certain Ordinary Course Professionals would be unwilling to provide any services to the Debtor on a postpetition basis.  Since many of the matters for which the Ordinary Course Professionals provide services are active on a day-to-day basis, any delay in the provision of services or need to replace professionals could have significant adverse consequences on the Debtor's business.  For example, if the Debtor were required to retain new professionals to assist with existing matters, it would undoubtedly be required to incur delays and unnecessary expenses to allow such new professionals to get up to speed.  It is therefore in the best interest of the Debtor's estate to avoid any disruption to the professional services required in the day-to-day operation of the Debtor's business.

15.     Moreover, requiring the Ordinary Course Professionals to file retention pleadings and participate in the payment approval process along with the Chapter 11 Professionals would unnecessarily burden the Court and the U.S. Trustee, while adding significantly to the administrative costs of this chapter 11 case without any corresponding benefit to the Debtor's estate.

16.     As a routine matter, prior to the commencement of this chapter 11 case, the Debtor carefully reviewed all bills received from the Ordinary Course Professionals to ensure that the fees charged were reasonable and that the expenses were necessary.  This type of review will continue postpetition, and, coupled with the proposed Monthly Fee Cap, will protect the Debtor's estate against excessive and improper billings.

17.     Based on the foregoing, the Debtor submits that the requested relief is necessary and appropriate, is in the best interest of its estate and creditors, and should be granted in all respects.

## **RESERVATION OF RIGHTS**

18.    Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (c) a waiver of any claim or cause of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## **NOTICE**

19.    Notice of this Application will be provided to (a) the U.S. Trustee; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) counsel to Silicon Valley Bank; (d) the Ordinary Course Professionals; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtor believes that no further notice is required.

20.    A copy of this Motion is available on the website maintained by the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/Sienna.

*[Remainder of page left intentionally blank]*

WHEREFORE the Debtor respectfully requests entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 24, 2019
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

  */s/ Kara Hammond Coyle*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:       mnestor@ycst.com
              kcoyle@ycst.com

- and -

**LATHAM & WATKINS LLP**

Peter M. Gilhuly (admitted *pro hac vice*)
Ted A. Dillman (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
Email:       peter.gilhuly@lw.com
              ted.dillman@lw.com

*Proposed Counsel for Debtor and Debtor in Possession*