**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x
                                    :
In re:                                  :     Chapter 11
                                    :
SIENNA BIOPHARMACEUTICALS, INC.,      :     Case No. 19-12051 (MFW)
                                    :
Debtor.[1]                         :
                                    :     **Ref. Docket No. 142**
------------------------------------------------------- x

**ORDER (I)(A) ESTABLISHING BIDDING PROCEDURES,
ASSUMPTION AND ASSIGNMENT PROCEDURES, AND
STALKING HORSE PROCEDURES FOR SALE OF SUBSTANTIALLY
ALL ASSETS, (B) SCHEDULING AUCTION AND SALE HEARING,
AND (C) APPROVING FORM AND MANNER OF NOTICE THEREOF,
(II) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS,
(III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Sienna Biopharmaceuticals, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**") for entry: (a) of this order (this "**Bidding Procedures Order**"): (i) authorizing and approving bidding procedures (the "**Bidding Procedures**") for the sale (the "**Sale**") of substantially all of the Debtor's assets (collectively, the "**Assets**"), (ii) authorizing and approving procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "**Contracts**") and the determination of amounts necessary to cure all monetary defaults thereunder (collectively, the "**Cure Amounts**"), (iii) authorizing and approving procedures for the selection of Stalking Horse Bidders and protections to be afforded thereto, (iv) scheduling an

---

[1] The last four digits of the Debtor's federal tax identification number are 4627. The Debtor's mailing address is 30699 Russell Ranch Road, Suite 140, Westlake Village, California 91362.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

auction of the Assets (the "**Auction**") for December 5, 2019, (v) scheduling a hearing to consider approval of any Sale (the "**Sale Hearing**") to be held on December 10, 2019, (vi) approving the form and manner of notice in connection with the foregoing, and (vii) granting related relief; and (b) one or more orders (each, a "**Sale Order**"), as applicable, authorizing and approving: (i) the sale of the Assets free and clear of all Interests to the winning bidder (the "**Successful Bidder**") pursuant to a purchase agreement to be executed by the Successful Bidder (an "**Asset Purchase Agreement**"), (ii) the assumption and assignment of certain Contracts, and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion (the "**Bidding Procedures Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, CONCLUDED, AND DETERMINED THAT:**[3]

      A.    The Debtor has articulated good and sufficient business reasons for this Court to (a) authorize and approve the Bidding Procedures, (b) authorize and approve the Assumption and Assignment Procedures, (c) authorize and approve the procedures in connection with the selection of Stalking Horse Bidders, (d) authorize and approve the procedures by which the Debtor may seek approval of the Break-Up Fee, Expense Reimbursement Amount, and Overbid Protection (collectively, the "**Bid Protections**"), subject to the notice requirements and opportunity to object, (e) the form and manner of notice of the foregoing, (f) schedule the Auction, and (g) schedule the Sale Hearing.

      B.    Notice of the Motion, the Bidding Procedures Hearing, and the entry of this Bidding Procedures Order complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

      C.    The Debtor's proposed notices of (a) a Sale, (b) the assumption and assignment of, and Cure Amounts for, the Contracts to be assumed and assigned to any Successful Bidder, (c) the Auction, (d) the Bid Deadline, (e) the Successful Bidder, and (f) the Bidding Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

      D.    The Bidding Procedures, substantially in the form attached hereto as <u>Exhibit 1</u>, and incorporated herein by reference as if fully set forth in this Bidding Procedures

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Order, are fair, reasonable, and represent the best method for maximizing the value of the Debtor's estate in connection with a Sale.

E. The Assumption and Assignment Procedures, which contemplate the filing of the Contracts Schedule and service of the Cure Notices (each, as defined below) by November 1, 2019, are reasonable and appropriate.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Any objections to the Motion and the relief granted herein, to the extent not resolved as set forth herein or on the record at the Bidding Procedures Hearing, are hereby overruled.

3. The Bidding Procedures, as attached hereto, are approved. The Debtor is authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

**PROCEDURES FOR DESIGNATION OF STALKING HORSE BIDDER AND APPROVAL OF BID PROTECTIONS**

4. The Debtor, after consultation with the Consultation Parties, may (a) select one or more parties to act as a Stalking Horse Bidder for the sale of the Assets, (b) may negotiate the terms of and enter into one or more purchase agreements with any Stalking Horse Bidder (each, a "**Stalking Horse Agreement**"), subject to higher or better bids as contemplated herein, and (c) may agree to provide some or all of the Bid Protections to such Stalking Horse Bidder, subject to approval of this Court after notice and an opportunity to object as set forth below; *provided* that no insider or affiliate of the Debtor, or the Prepetition Lender, shall be entitled to any Bid Protections.

5. Upon entry of a Stalking Horse Approval Order (as defined below), the proposed Bid Protections shall be approved by the Court and shall, upon the Debtor's entry into the respective Stalking Horse Agreement, be granted administrative expense priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

6. The Debtor shall file a notice of entry into any Stalking Horse Agreement (a "**Stalking Horse Notice**"), which notice shall include any proposed Stalking Horse Agreement and set forth the terms of the Bid Protections proposed to be given to any Stalking Horse Bidder, which shall be served upon: (a) all entities known to have expressed an interest in a transaction with respect to some or all of the Assets during the past 12 months; (b) all entities known to have asserted any interest in or upon any of Assets; (c) all federal, state and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the relief requested by the Motion; (d) the Internal Revenue Service; (e) proposed counsel to the Creditors' Committee; (f) counsel to the Prepetition Lender; (g) those parties who have made the appropriate filings requesting notice of all pleadings filed in the chapter 11 case; (h) the U.S. Trustee; (i) the Securities and Exchange Commission; (j) the Office of the United States Attorney for the District of Delaware; and (k) the offices of the attorneys general for the states in which the Debtor operates (collectively, the "**Transaction Notice Parties**") with no further notice being required.

7. The Transaction Notice Parties shall have until 4:00 p.m. (prevailing Eastern Time) 7 calendar days from the filing of a Stalking Horse Notice (the "**Stalking Horse Objection Deadline**") to file an objection to the Debtor's selection of a Stalking Horse Bid for the purpose of conducting the Auction or any proposed Bid Protections related thereto and serve such objection upon the Debtor and parties requesting notice pursuant to Bankruptcy Rule 2002.

Once the Stalking Horse Objection Deadline has passed, the Court may enter an order (the "**Stalking Horse Approval Order**") approving the Debtor's selection of a Stalking Horse Bid for the purposes of conducting the Auction and the Bid Protections related thereto either (a) upon certification of counsel, if no objection from any of the Transaction Notice Parties has been received before the Stalking Horse Objection Deadline, or (b) after a hearing, which may be held on expedited notice upon the motion of the Debtor or any party in interest, if an objection from any of the Transaction Notice Parties has been received before the Stalking Horse Objection Deadline.

## NOTICE PROCEDURES

8.  Copies of this Bidding Procedures Order and the attached Bidding Procedures shall be served by first class mail no later than three business days after entry of this Order upon the Transaction Notice Parties.

9.  On or before the date that is 21 calendar days before the Sale Hearing (the "**Mailing Date**"), in accordance with Bankruptcy Rule 2002(a) and (c), the Debtor or its agents shall serve the auction and sale notice, substantially in the form attached hereto as Exhibit 2 (the "**Auction and Sale Notice**"), by first-class mail, postage prepaid, upon the Transaction Notice Parties and upon all other known creditors of the Debtor.

10. The Auction and Sale Notice shall indicate that copies of the Motion and the Bidding Procedures can be obtained by visiting the website maintained by the Debtor's claims and noticing agent, Epiq, at https://dm.epiq11.com/case/SBP/info and clicking on the tab for "Key Documents." The Auction and Sale Notice shall also indicate the deadline for objecting to a Sale to the Successful Bidder and the date and time of the Sale Hearing. In addition, the Auction and Sale Notice shall provide notice that the Debtor will seek to assume and assign certain Contracts to be identified in accordance with the Assumption and Assignment

Procedures (as described further below) at the Sale Hearing. Such notice shall be sufficient and proper notice of the Sale Transaction with respect to known interested parties.

11. The Debtor shall also publish a notice of a proposed Sale, in substance substantially similar to the Auction and Sale Notice, in The Wall Street Journal on the Mailing Date or as soon as practicable thereafter. Such publication notice shall be sufficient and proper notice of a Sale to any other interested parties whose identities are unknown to the Debtor.

## BID DEADLINE

12. Qualified Bids must be received in writing on or before 5:00 p.m. (prevailing Eastern Time) on December 2, 2019 (the "**Bid Deadline**") or such earlier date as may be determined by the Debtor, and served on: (a) the Debtor; (b) counsel to the Debtor, (i) Latham & Watkins LLP, 355 S. Grand Avenue, Suite 100, Los Angeles, CA 90071 (Attn: Peter M. Gilhuly, Esq. (peter.gilhuly@lw.com) and Ted A. Dillman, Esq. (ted.dillman@lw.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor, Esq. (mnestor@ycst.com) and Kara Hammond Coyle, Esq. (kcoyle@ycst.com)); and (c) Cowen, 599 Lexington Avenue, New York, NY 10022 (Attn: Lorie R. Beers (lorie.beers@cowen.com) and Carl Comstock (carl.comstock@cowen.com)).

## NOTICE OF AUCTION AND SALE HEARING

13. As soon as practicable after the Bid Deadline, the Debtor shall file, but not serve, a notice indicating whether the Auction will be held, and if applicable, the date and time of the Auction.

14. The Debtor shall file, but not serve, a notice identifying any Successful Bidder, and indicating whether the Sale Hearing will be held, if applicable, by noon (prevailing Eastern Time) the calendar day after the Auction is completed.

**AUCTION PROCEDURES**

15. The Debtor is authorized to commence the Auction on or before December 5, 2019 at 10:00 a.m. (prevailing Eastern Time) at the office of Latham, 885 Third Avenue, New York, NY 10022, or such other place and time as the Debtor shall notify all Qualified Bidders that have submitted Qualified Bids (including any Stalking Horse Bidder) and the Consultation Parties. If only one Qualified Bid has been received, the Debtor may cancel the Auction. The Debtor is authorized, subject to the terms of this Order and the Bidding Procedures, to take actions reasonably necessary, in its discretion, to conduct and implement the Auction.

16. Only (a) the Qualified Bidders that have submitted Qualified Bids (including the Stalking Horse Bidders, if any), (b) the Consultation Parties, and (c) such other parties as the Debtor shall determine will be entitled to make any Bids at the Auction. The Debtor and its professionals shall direct and preside over the Auction and the Auction shall be transcribed. Each Qualified Bidder (including the Stalking Horse Bidder, if any) participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures, and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Bidding Procedures Order, a Sale, or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

17. Subject to the rights of parties in interest under applicable law, the Debtor may (a) select, in its business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (b) reject any bid that, in the Debtor's business judgment, is (i) inadequate or insufficient, (ii) not in conformity with the

requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Bidding Procedures or (iii) contrary to the best interests of the Debtor and its estate, creditors, interest holders, or parties in interest; *provided*, *however*, that the Debtor shall only be required to consult with the Creditors' Committee regarding whether any Qualified Credit Bid (as defined in the Bidding Procedures) is the highest or otherwise best offer and the Successful Bid.

18. The failure to specifically include or reference any particular provision, section, or article of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness or such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety and incorporated herein by reference.

## ASSUMPTION AND ASSIGNMENT PROCEDURES

19. The Assumption and Assignment Procedures are approved.

20. The Debtor has filed a schedule (the "**Contracts Schedule**") listing all of the Debtor's Contracts, which includes the Cure Amounts. The Contracts Schedule and Cure Amounts are posted on the Debtor's website maintained by Epiq. In accordance with the Assumption and Assignment Procedures, on November 1, 2019, the Debtor served a notice (the "**Cure Notice**"), substantially in the form attached hereto as Exhibit 3, on each Contract Party to each Contract set forth on the Contracts Schedule (the "**Contract Notice Parties**"). The Cure Notice (a) states the Cure Amount; (b) notifies the Contract Party that such party's contract or lease may be assumed and assigned to a purchaser of the Assets at the conclusion of the Sale Hearing; (c) states the date of the Sale Hearing and that objections to any Cure Amount or to assumption and assignment of any Contract will be heard at the Sale Hearing or at a later hearing, as determined by the Debtor; and (d) states a deadline by which the Contract Party shall file an objection to the Cure Amount or to the assumption and assignment of its Contracts; *provided*, *however*, that the inclusion of a contract, lease, or agreement on the Cure Notice or the

Contracts Schedule shall not constitute an admission that such contract, lease, or agreement is an executory contract or lease or in any way give rise to an obligation of the Debtor or any Successful Bidder to assume or assume and assign such agreements.[4]

21. The deadline to object to any Cure Amount or to assumption and assignment on any basis other than an Adequate Assurance Objection (as defined below) shall be the date that is 14 days after service of the Cure Notice (the "**Cure Objection Deadline**") and any such objections shall be served on: (a) the Debtor; (b) counsel for the Debtor; (c) the U.S. Trustee; (d) counsel to the Prepetition Lender; (e) proposed counsel to the Creditors' Committee; (f) any Successful Bidders (if no Successful Bidders have been selected for any Assets, any Stalking Horse Bidders for such Assets) (collectively, the "**Cure Objection Notice Parties**"). Any such objection shall (a) be in writing, (b) state the basis for such objection, and (c) if such objection is to the Cure Amount, state with specificity what cure amount the Contract Party believes is required (in all cases with appropriate documentation in support thereof).

22. To the extent that the Debtor wishes to amend the Contracts Schedule, the Debtor may file supplements (each, an "**Supplemental Contracts Schedule**") setting forth the Contracts that have been added to, or removed from, the Contracts Schedule and any modification to the proposed Cure Amount for any Contract. The Debtor will also serve, in connection therewith, a supplemental Cure Notice (each, a "**Supplemental Cure Notice**") on each Contract Party to a Contract identified on such Supplemental Contracts Schedule. With respect to any Supplemental Cure Notice, (a) the deadline to object to any Cure Amount or to assumption and assignment on any basis other than an Adequate Assurance Objection shall be the date that is 14 calendar days after service of the Supplemental Cure Notice (the

---

[4] For the avoidance of doubt, all of the Debtor's rights, claims, and causes of action with respect to the contracts and leases listed on the Cure Notice and the Contracts Schedule are hereby reserved.

"**Supplemental Cure Objection Deadline**"), (b) any such objections must be served on the Cure Objection Notice Parties, and (c) any such objection shall be heard at the Sale Hearing (to the extent such hearing has not occurred as of the Supplemental Cure Objection Deadline) or at a later hearing, as determined by the Debtor.

23. At the Sale Hearing, only those executory contracts and unexpired leases (and the corresponding Cure Amounts) listed on the Cure Notice that have been selected to be assumed by the Successful Bidder at the Auction (as may be amended in accordance with the terms of the applicable definitive documents, the "**Selected Contracts**") shall be subject to approval by this Court, and the Debtor's rights with respect to all other contracts are fully reserved. Objections to the ability of the Successful Bidder to demonstrate adequate assurance of future performance (an "**Adequate Assurance Objection**") with respect to any Selected Contracts may be presented at the Sale Hearing (the "**Adequate Assurance Objection Deadline**").

24. As soon as possible after the conclusion of the Auction, the Debtor shall file a notice that identifies any Successful Bidder and provides notice that the Debtor will seek to assume and assign the Selected Contracts at the Sale Hearing.

25. Unless a Contract Party files an objection to the Cure Amount by the Cure Objection Deadline or Supplemental Cure Objection Deadline, or Adequate Assurance Objection by the Adequate Assurance Objection Deadline, such Contract Party shall be forever barred and estopped from (a) objecting to the Cure Amount and (b) asserting or claiming any Cure Amount against the Debtor, any Successful Bidder, or any other assignee of the relevant contract, other than the Cure Amount listed on the Cure Notice or Supplemental Cure Notice (as applicable).

26. The Debtor shall have ability to settle on a consensual basis any dispute regarding a Cure Amount without further order of this Court.

## SALE HEARING

27. The Sale Hearing to approve the Sale of the Assets shall be held on or before December 10, 2019 at 10:30 a.m. (Prevailing Eastern Time).

28. Any and all objections, if any, to a Sale of the Assets and entry of a Sale Order with respect thereto (a "**Sale Objection**") must be filed and served on the Transaction Notice Parties by 4:00 p.m. (prevailing Eastern Time) on December 3, 2019 (the "**Sale Objection Deadline**").  Any and all objections to the conduct of the Auction (an "**Auction Objection**") must be must be filed with the Court by 12:00 p.m. (prevailing Eastern Time) on December 6, 2019 (the "**Auction Objection Deadline**").  Any party failing to timely file a Sale Objection or raise an Auction Objection, as applicable, will be forever barred from objecting and will be deemed to have consented to the Sale, including the transfer of the Debtor's right, title and interest in, to, and under the assets free and clear of any and all liens, claims, interests, and encumbrances in accordance with the definitive agreement for a Sale.

## RELATED RELIEF

29. Notwithstanding anything to the contrary contained herein, any of the deadlines contained in the proposed Bidding Procedures and this Bidding Procedures Order may be extended or modified by the Debtor, subject to the terms and milestones in the Cash Collateral Order.

30. The Debtor is hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established by this Bidding Procedures Order.

31. Copies of the Motion, Bidding Procedures, all exhibits and schedules thereto, this Bidding Procedures Order, the Auction and Sale Notice, and the Contracts Schedule, and certain other documents relevant to the Sale, may be obtained by visiting the website maintained by the Debtor's claims and noticing agent, Epiq, at https://dm.epiq11.com/case/SBP/info and clicking on the tab for "Key Documents."

32. Nothing in the Bidding Procedures shall amend or modify any provisions, terms, or conditions of the Cash Collateral Order.

33. All rights of the Debtor, as it may reasonably determine to be in the best interest of its estate, in consultation with the Consultation Parties, to: (a) select one or more Stalking Horse Bidders and to determine which Bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best Bid or combination of Bids and which is the next highest or otherwise best Bid or combination of Bids; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, (iii) contrary to the best interests of the Debtor and its estate, or (iv) subject to any financing contingency or otherwise not fully financed; (e) waive terms and conditions set forth in the Bidding Procedures with respect to all potential Bidders; (f) impose additional terms and conditions with respect to all potential Bidders; (g) extend the deadlines set forth in the Bidding Procedures; (h) continue or cancel the Auction or Sale Hearing in open court without further notice; and (i) modify the Bidding Procedures and implement additional procedural rules that the Debtor determines, in its reasonable business judgment, and in consultation with the Consultation Parties, will better promote the goals of the bidding process, are hereby reserved. Nothing in this Bidding Procedures Order or the Bidding Procedures shall require the Debtor to

take any action, or refrain from taking any action, with respect thereto to the extent the Debtor determines that taking such action, or refraining from taking such action, as applicable, is required or appropriate to comply with applicable law or its fiduciary obligations.

34. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

35. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

36. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bid Protections, the Asset Purchase Agreement, the Bidding Procedures and the implementation of this Bidding Procedures Order.

*[Signature: Mary F. Walrath]*

**Dated: November 13th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**