## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
                                                       :
In re:                                                 :  Chapter 11
                                                       :
SIENNA BIOPHARMACEUTICALS, INC.,                       :  Case No. 19-12051 (MFW)
                                                       :
                    Debtor.¹                           :
                                                       :  Ref Docket Nos. 142, 163, 205, 206, 231, 232, and 240
------------------------------------------------------ x
```

## ORDER (A) AUTHORIZING AND APPROVING (1) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (2) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH, AND (B) GRANTING RELATED RELIEF

Sienna Biopharmaceuticals, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), pursuant to, among other things:

(i)        sections 105, 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

(ii)        the *Motion of Debtor for Entry of Order (I)(A) Establishing Bidding Procedures, Assumption and Assignment Procedures, and Stalking Horse Procedures for Sale of Substantially All Assets, (B) Scheduling Auction and Sale Hearing, and (C) Approving Form and Manner of Notice Thereof, (II) Approving Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief*, filed on October 22, 2019 [Docket No. 142] (the "**Motion**");

(iii)        the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases*, filed on November 1, 2019 [Docket No. 163] (the "**Cure Notice**");

(iv)        the *Order (I)(A) Establishing Bidding Procedures, Assumption and Assignment Procedures, and Stalking Horse Procedures for Sale of Substantially All Assets, (B) Scheduling Auction and Sale Hearing, and (C)*

---

¹   The last four digits of the Debtor's federal tax identification number are 4627.  The Debtor's mailing address is 30699 Russell Ranch Road, Suite 140, Westlake Village, California 91362.

*Approving Form and Manner of Notice Thereof; (II) Approving Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief,* filed on November 13, 2019 [Docket No. 205] (the "**Bidding Procedures Order**");

(v)        the *Notice of Sale, Bidding Procedures, Auction and Sale Hearing*, entered on November 13, 2019 [Docket No. 206] (the "**Auction and Sale Notice**");

(vi)       the *Notice of Filing of Proposed Sale Order*, filed on November 29, 2019 [Docket No. 231];

(vii)      the *Notice of Auction*, filed on December 3, 2019 [Docket No. 232];

(viii)     the *Notice of Successful Bidder*, filed on December 5, 2019 [Docket No. [240];

seeks entry of this order (this "**Sale Order**"): (a) approving the Sale of all of the Debtor's right, title and interest in and to the Purchased Assets (as defined in the Asset Purchase Agreement), free and clear of all Interests (as defined below) (the "**Sale**") to the Buyer (as defined below) pursuant to the terms and conditions of the Asset Purchase Agreement (as defined below); (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases; and (c) granting certain related relief; after holding a hearing on November 12, 2019 (the "**Bidding Procedures Hearing**"), this Court entered the Bidding Procedures Order on November 13, 2019 [Docket No. 205]; and Sebacia, Inc. (the "**Buyer**") having been selected as the Successful Bidder; and upon the Buyer and the Debtor having entered into that certain Asset Purchase Agreement, dated as of December 5, 2019, a copy of which is attached hereto as <u>Exhibit A</u> (as may be amended, modified, or supplemented in accordance with the terms of this Sale Order and such agreement, the "**Asset Purchase Agreement**");[2] and this Court having conducted a hearing on the Motion on December 10, 2019 (the "**Sale Hearing**"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Motion, the Asset Purchase Agreement, and this

---

[2]  Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to such terms in the Asset Purchase Agreement or, if not defined therein, in the Motion.

US-DOCS\111618248.6

Sale Order; and this Court having reviewed and considered the Motion and all objections thereto, and the arguments of counsel made, and the evidence adduced, at the Bidding Procedures Hearing and the Sale Hearing; and upon the entire record of the Bidding Procedures Hearing and the Sale Hearing, and after due deliberation thereon, and good cause appearing therefor:

**THE COURT HEREBY FINDS THAT:**[3]

**<u>Jurisdiction, Final Order, and Statutory Predicates</u>**

A.     This Court has jurisdiction to hear and determine the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Debtor's above-captioned chapter 11 case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.     This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C.     The statutory predicates for the relief sought in the Motion are sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014, and the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**<u>Local Rules</u>**").

---

[3]   The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Sale, Auction and the Cure Payments**

D.     Actual written notice of the Sale Hearing, the Auction, the Motion, the Sale, the assumption, assignment, and/or transfer of the Assumed Agreements and Assumed Real Property Leases (collectively, the "**Assigned Contracts**"), and the entry of this Sale Order has been afforded to all known interested Persons entitled to receive such notice, including, but not limited to, the following parties: (i) counsel to the official committee of unsecured creditors (the "**Creditor's Committee**"); (ii) counsel to Silicon Valley Bank (the "**Prepetition Lender**"); (iii) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (iv) the Securities and Exchange Commission; (v) the Office of the United States Attorney for the District of Delaware; (vi) the offices of the attorneys general for the states in which the Debtor operates; (vii) the Internal Revenue Service; (viii) all federal, state, and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the Purchased Assets; (ix) all entities known to have asserted any interest in any of the Purchased Assets; (x) all entities known to have expressed an interest in a transaction with respect to some or all of the Purchased Assets during the past 12 months; (xi) all known creditors of the Debtor; and (xii) those parties who have made the appropriate filings requesting notice of all pleadings in this chapter 11 case.

E.     The Debtor published notice of the Motion, the Bidding Procedures, the time and place of the proposed Auction, the time and place of the Sale Hearing, and the time for filing an objection to the Motion (i) on the website maintained by the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC, promptly after entry of the Bidding Procedures Order and (ii) in The Wall Street Journal on November 19, 2019.

F.     In accordance with the provisions of the Bidding Procedures Order, the Debtor has served the Cure Notice upon all counterparties to the Assigned Contracts, setting forth: (i) the

contract(s) and/or lease(s) that may be assumed and assigned to a purchaser of the Debtor's assets at the conclusion of the Sale Hearing, (ii) the determination of amounts necessary to cure all monetary defaults thereunder (the "**Cure Amounts**"), (iii) the date of the Sale Hearing and that objections to any Cure Amount or to assumption and assignment of any contract or unexpired lease will be heard at the Sale Hearing or at a later hearing, as determined by the Debtor; and (iv) the deadline by which the counterparty must file an objection to the Cure Amount or to the assumption and assignment of its contract or unexpired lease.

G.      The service of such Cure Notice (i) was good, sufficient, and appropriate under the circumstances of this chapter 11 case; (ii) provided such counterparties with a full and fair opportunity to object to such assumption, assignment, or transfer and to the proposed Cure Amount set forth in the Cure Notice; and (iii) was in compliance with the Bidding Procedures Order and the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules. Accordingly, no other or further notice need be given in connection with such assumption, assignment, or transfer or with respect to the amount of Cure Payments.

H.      As evidenced by the affidavits of service previously filed with this Court [Docket Nos. 193, 230, 235]: (i) due, proper, timely, adequate, and sufficient notice of the Motion, the Auction, the Bidding Procedures Hearing, the Sale Hearing, the assumption and assignment of the Assigned Contracts, the Sale and the entry of this Sale Order has been provided to all parties in interest; (ii) such notice was, and is, good, sufficient, and appropriate under the circumstances of this chapter 11 case, provided a fair and reasonable opportunity for parties in interest to object, and to be heard, with respect thereto, and was provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, and 9014, and

the applicable Local Rules; and (iii) no other or further notice of with respect to such matters is necessary or shall be required.

## Business Judgment

I.      The Debtor has demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and the other transactions contemplated by the Asset Purchase Agreement and the Transaction Documents, including, without limitation, the assumption, assignment, and/or transfer of the Assigned Contracts (collectively, the "**Transactions**") pursuant to sections 105, 363, and 365 of the Bankruptcy Code, prior to and outside of a plan of reorganization, and such action is an appropriate exercise of the Debtor's business judgment and in the best interests of the Debtor, its estate, and its creditors.  Such business reasons include, but are not limited to, the fact that: (i) there is substantial risk of depreciation of the value of the Purchased Assets if the Sale is not consummated promptly; (ii) the Asset Purchase Agreement and the Closing will present the best opportunity to maximize the value of the Debtor's estate; and (iii) unless the Sale is concluded expeditiously as provided for in this Sale Order and pursuant to the Asset Purchase Agreement, potential creditor recoveries may be substantially diminished.

## Good Faith of the Buyer; No Collusion

J.      The Buyer is not an insider (as that term is defined in section 101(31) of the Bankruptcy Code) of the Debtor.

K.      The Buyer is purchasing the Purchased Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to, and granted pursuant to paragraph 26 below, the full rights, benefits, privileges, and protections of that provision, and has otherwise proceeded in good faith in all respects in connection with the

Transaction in that, *inter alia*: (i) the Buyer recognized that the Debtor was free to deal with any other party interested in acquiring the Purchased Assets; (ii) the Buyer complied with the provisions in the Bidding Procedures Order; (iii) the Buyer agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order; (iv) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed; (v) no common identity of directors or controlling stockholders exists between the Buyer and the Debtor; and (vi) the negotiation and execution of the Asset Purchase Agreement and Transaction Documents were at arms' length and in good faith.

L.      None of the Debtor, the Buyer, any other party in interest, or any of their respective Representatives has engaged in any conduct that would cause or permit the Asset Purchase Agreement or any of the Transaction Documents, or the consummation of the Transaction, to be avoidable or avoided, or for costs or damages to be imposed, under section 363(n) of the Bankruptcy Code, or has acted in bad faith or in any improper or collusive manner with any Person in connection therewith.

<u>**Highest or Otherwise Best Offer**</u>

M.      In accordance with the Bidding Procedures Order, the Asset Purchase Agreement was deemed a Qualified Bid and was eligible to participate in an auction for the Purchased Assets.

N.      The Debtor conducted an auction process in accordance with, and has otherwise complied in all material respects with, the Bidding Procedures Order, and accordingly has afforded a full, fair, and reasonable opportunity for any Person or entity to make a higher or otherwise better offer to purchase the Purchased Assets.

O.      The Asset Purchase Agreement constitutes the highest or otherwise best offer for the Purchased Assets and represents a fair and reasonable offer to purchase the Purchased Assets

under the circumstances of this chapter 11 case.  No other Person or entity or group of entities has offered to purchase the Purchased Assets for greater economic value to the Debtor's estate than the Buyer.

P.      The Transactions described in the Asset Purchase Agreement were a material inducement for, and an express condition of, the Buyer's willingness to enter into the Asset Purchase Agreement, and will provide a greater benefit to the Debtor, its estate, and its creditors than in the absence of the Transactions.

### No Fraudulent Transfer

Q.      The Asset Purchase Agreement and Transaction Documents were not entered into, and the Transactions are not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtor under applicable law, and none of the Parties to the Asset Purchase Agreement or parties to any of the Transaction Documents are consummating the Transactions with any fraudulent or otherwise improper purpose.  The Purchase Price for the Purchased Assets constitutes reasonably equivalent value, fair consideration and fair value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, the Uniform Fraudulent Conveyance Act, and any other applicable laws of the United States, any state, territory, or possession or the District of Columbia.

### Validity of Transfer

R.      The Debtor has full corporate power and authority (i) to perform all of its obligations under the Asset Purchase Agreement and the Transaction Documents and (ii) to consummate the Transactions.  Subject to the entry of this Sale Order, no further consents or approvals are required for the Debtor to consummate the Transactions or otherwise perform its obligations under the Asset Purchase Agreement or the Transaction Documents, except in each

case as otherwise expressly set forth in the Asset Purchase Agreement or applicable Transaction Documents.

S.      As of the Closing Date, the transfer of the Purchased Assets to the Buyer, including, without limitation, the assumption, assignment, and transfer of the Assigned Contracts, will be a legal, valid, and effective transfer thereof, and will vest the Buyer with all right, title, and interest of the Debtor in and to the Purchased Assets, free and clear of all Interests accruing or arising any time prior to the Closing Date, except as expressly set forth in the Asset Purchase Agreement.

## Section 363(f) Is Satisfied

T.      The Buyer would not have entered into the Asset Purchase Agreement and would not consummate the transactions contemplated thereby if the sale of the Purchased Assets, including the assumption, assignment, and transfer of the Assigned Contracts to the Buyer were not free and clear of all Interests of any kind or nature whatsoever (except as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Liens and Assumed Liabilities), or if the Buyer, any of its respective Affiliates or Subsidiaries, or any of their respective Representatives, would, or in the future could, be liable for any of such Interests (except as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Liens and Assumed Liabilities).

U.      The Debtor may sell or otherwise transfer the Purchased Assets free and clear of all Interests because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.  Those holders of Interests against the Debtor, its estate, or any of the Purchased Assets who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of such Interests who did object fall within one or more of the

other subsections of section 363(f) and are adequately protected by the terms of this Sale Order, including, as applicable, by having their Interests, if any, attach to the proceeds of the Sale attributable to the Purchased Assets in which such creditor alleges or asserts an Interest, in the same order of priority, with the same validity, force, and effect, that such creditor had immediately prior to consummation of the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

V.    As used in this Sale Order, the terms "**Interest**" and "**Interests**" include all of the following, in each case, to the extent against or with respect to the Debtor, or in, on, or against, or with respect to any of the Purchased Assets: liens (as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial, or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code) ("**Claims**"), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to, (a) mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of setoff (except for setoffs validly exercised before the Petition Date), rights of use or possession, subleases, leases,

conditional sale arrangements, deferred purchase price obligations, or any similar rights; (b) all claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff (except for setoffs validly exercised before the Petition Date), indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtor or any other person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity, or otherwise; (c) all debts, liabilities, obligations, contractual rights and claims, and labor, employment, and pension claims; (d) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtor's or the Buyer's interest in the Purchased Assets, or any similar rights; (e) any rights under labor or employment agreements; (f) any rights under pension, multiemployer plan (as such term is defined in section 3(37) or section 4001(a)(3) of the Employment Retirement Income Security Act of 1974 (as amended, "**ERISA**")), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plans of the Debtor or any multiemployer plan to which the Debtor has at any time contributed to or had any liability or potential liability; (g) any other employee claims related to worker's compensation, occupation disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (i) ERISA, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Age Discrimination and Employment Act

of 1967 and the Age Discrimination in Employment Act, each as amended, (vii) the Americans with Disabilities Act of 1990, (viii) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of any similar state law, (ix) state discrimination laws, (x) state unemployment compensation laws or any other similar state laws, (xi) any other state or federal benefits or claims relating to any employment with the Debtor or any of its predecessors, or (xii) the WARN Act (29 U.S.C. §§ 2101, et seq.) or any state or other laws of similar effect; (h) any bulk sales or similar law; (i) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Purchased Assets before the closing of a Sale; (j) any unexpired and executory contract or unexpired lease to which the Debtor is a party that is not assumed; (k) any other excluded liabilities under the Asset Purchase Agreement; and (l) Interests arising under or in connection with any acts, or failures to act, of the Debtor or any of its predecessors, affiliates, or subsidiaries, including, but not limited to, Interests arising under any doctrines of successor liability (to the greatest extent permitted by applicable law), or transferee or vicarious liability, violation of the Securities Act, the Exchange Act, or other applicable securities laws or regulations, breach of fiduciary duty, or aiding or abetting breach of fiduciary duty, or any similar theories under applicable law or otherwise.

### Not a Successor; Not a Sub Rosa Plan

W.      The Buyer shall not be deemed, as a result of any action taken in connection with the Transactions, to: (1) be a successor (or other such similarly situated party) to the Debtor (other than with respect to the Assumed Liabilities as expressly stated in the Asset Purchase Agreement); or (2) have, *de facto* or otherwise, merged or consolidated with or into the Debtor.

X.       The Sale does not constitute a *de facto* plan of reorganization or liquidation or an element of such a plan for the Debtor, as it does not and does not propose to: (i) impair or restructure existing debt of, or equity interests in, the Debtor; (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtor; (iii) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests, compromise controversies, or extend debt maturities.

**Assumption, Assignment and/or Transfer of the Assigned Contracts**

Y.       The assumption, assignment, and/or transfer of the Assigned Contracts to the Buyer pursuant to the terms of this Sale Order is integral to the Asset Purchase Agreement and is in the best interests of the Debtor and its estate, creditors, and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor.

Z.       To the extent necessary or required by applicable law, the Buyer (on behalf of the Debtor) has or will have as of the Closing Date: (i) cured, or provided adequate assurance of cure, of any default existing prior to the Closing Date with respect to the Assigned Contracts, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, and (ii) provided compensation, or adequate assurance of compensation, to any party for any actual pecuniary loss to such party resulting from such default, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code.  The respective amounts set forth on Schedule 1 annexed to the Debtor's Cure Notice (or any Supplemental Cure Notice(s) served in accordance with the Assumption and Assignment Procedures or any order of the Bankruptcy Court) are the sole amounts necessary under sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code to cure all such monetary defaults and pay all actual pecuniary losses under the Assigned Contracts.

AA.        The promise of the Buyer to perform the obligations first arising under the Assigned Contracts after their assumption and assignment to the Buyer constitutes adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the counterparties to such Assigned Contracts.  Any objections to the foregoing, the determination of any Cure Amount, or otherwise related to or in connection with the assumption, assignment, or transfer of any of the Assigned Contracts to the Buyer are hereby overruled on the merits or otherwise treated as set forth in paragraph 3 below.  Those non-Debtor parties to Assigned Contracts who did not object to the assumption, assignment, or transfer of their applicable Assigned Contract, or to their applicable Cure Amount, are deemed to have consented thereto for all purposes of this Sale Order.

BB.        The Buyer shall maintain certain rights to modify the list of the Assigned Contracts, after the date of this Sale Order and up to the Closing in accordance with the terms of the Asset Purchase Agreement.  Such modification rights include, but are not limited to, the right of the Buyer, prior to the Closing and subject to the notice requirements in the Bidding Procedures Order, to amend or revise the Assumed Contracts and Leases Schedule in order to add or eliminate any Non-Real Property Contract or Real Property Lease to or from such Schedule.  The Buyer would not have agreed to the Transactions without such modification rights.  The notice and opportunity to object provided to counterparties to the Assigned Contracts and to other parties in interest, as set forth in the Assumption and Assignment Procedures, fairly and reasonably protects any rights that such counterparties and other parties in interest may have with respect to such Non-Real Property Contracts or Real Property Leases.

**<u>Compelling Circumstances for an Immediate Sale</u>**

CC.     To maximize the value of the Purchased Assets and resources in this chapter 11 case, it is essential that the Sale of the Purchased Assets be approved and consummated promptly. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004 and 6006 with regards to the Transactions contemplated by this Sale Order, the Asset Purchase Agreement, and the Transaction Documents.

DD.     The consummation of the Transactions is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105, 363, and 365 of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Transactions.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**<u>General Provisions</u>**

1.     The Motion, and the relief requested therein, are granted and approved, and the Transactions contemplated thereby and by the Asset Purchase Agreement and Transaction Documents are approved, in each case as set forth in this Sale Order.

2.     This Court's findings of fact and conclusions of law set forth in the Bidding Procedures Order are incorporated herein by reference.

3.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, resolved, adjourned, or otherwise settled as set forth herein, as announced to this Court at the Sale Hearing or by stipulation filed with this Court, and all reservations of rights included therein, are hereby denied and overruled on the merits.

**Approval of Asset Purchase Agreement; Binding Nature**

4.     The Asset Purchase Agreement and the Transaction Documents, and all of the terms and conditions thereof, are hereby approved as set forth herein.

5.     The consideration provided by the Buyer for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any other applicable law, and the Transactions may not be avoided, or costs or damages imposed or awarded, under section 363(n) or any other provision of the Bankruptcy Code.

6.     Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtor is authorized and empowered to, and shall, take any and all actions necessary or appropriate to (a) consummate the Sale and the other Transactions pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement and the Transaction Documents and otherwise comply with the terms of this Sale Order, and (b) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of its obligations as contemplated by the Asset Purchase Agreement and the Transaction Documents, in each case without further notice to or order of this Court.   The Transactions authorized herein shall be of full force and effect, regardless of the Debtor's lack or purported lack of good standing in any jurisdiction in which the Debtor is formed or authorized to transact business.

7.     This Sale Order shall be binding in all respects upon the Debtor, its estate, all creditors, all holders of equity interests in the Debtor, all holders of any Claim(s) (whether known or unknown) against the Debtor, any holders of Interests against, in or on all or any portion of the Purchased Assets, all non-Debtor parties to the Assigned Contracts, the Buyer, and all successors

and assigns of the foregoing, including, without limitation, any trustee, if any, subsequently appointed in this chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of this chapter 11 case.

### Transfer of Purchased Assets Free and Clear of Interests; Injunction

8.      Pursuant to sections 105(a), 363(b), 363(f), 365(b), and 365(f) of the Bankruptcy Code, the Debtor is authorized and directed to transfer the Purchased Assets, including but not limited to the Assigned Contracts, to the Buyer on the Closing Date in accordance with the Asset Purchase Agreement and Transaction Documents.  Upon and as of the Closing Date, such transfer shall constitute a legal, valid, binding, and effective transfer of such Purchased Assets and the Buyer shall take title to and possession of such Purchased Assets free and clear of all Interests (except as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Encumbrances and Assumed Liabilities).

9.      All such Interests shall attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the Purchased Assets, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.  This Sale Order shall be effective as a determination that, on and as of the Closing, all Interests of any kind or nature whatsoever (except as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Liens and Assumed Liabilities) have been unconditionally released, discharged, and terminated in, on, or against the Purchased Assets (but not the proceeds thereof).  The provisions of this Sale Order authorizing and approving the transfer of the Purchased Assets free and clear of Interests shall be self-executing, and neither the Debtor nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.

10.     Except as expressly permitted by the Asset Purchase Agreement or this Sale Order, all Persons holding Interests (other than the Permitted Liens and Assumed Liabilities) are hereby forever barred, estopped, and permanently enjoined from asserting their respective Interests against the Buyer, any of its respective Affiliates and Subsidiaries, and any of their respective Representatives, and each of their respective property and assets, including, without limitation, the Purchased Assets.  On and after the Closing Date, the Buyer shall be authorized to execute and file such documents, and to take all other actions as may be necessary, on behalf of each holder of an Interest to release, discharge, and terminate such Interests in, on and against the Purchased Assets (but not the proceeds thereof) as provided for herein, as such Interests may have been recorded or may otherwise exist.  On and after the Closing Date, and without limiting the foregoing, the Buyer shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect, or otherwise notice any Interest that is extinguished or otherwise released pursuant to this Sale Order.  This Sale Order constitutes authorization under all applicable jurisdictions and versions of the Uniform Commercial Code and other applicable law for the Buyer to file UCC and other applicable termination statements with respect to all security interests in, liens on, or other Interests in the Purchased Assets.

11.     On and after the Closing, the Persons holding an Interest (other than a Permitted Lien or an Assumed Liability) shall execute such documents and take all other actions as may be reasonably necessary to release their respective Interests in the Purchased Assets (but not the proceeds thereof), as such Interests may have been recorded or otherwise filed.  The Buyer may, but shall not be required to, file a certified copy of this Sale Order in any filing or recording office in any federal, state, county, or other jurisdiction in which the Debtor is incorporated or has real

or personal property, or with any other appropriate clerk or recorded with any other appropriate recorder, and such filing or recording shall be accepted and shall be sufficient to release, discharge, and terminate any of the Interests as set forth in this Sale Order as of the Closing Date. All Persons that are in possession of any portion of the Purchased Assets on the Closing Date shall promptly surrender possession thereof to the Buyer at the Closing.

12.     The transfer of the Purchased Assets to the Buyer pursuant to the Asset Purchase Agreement and Transaction Documents does not require any consents other than specifically provided for in the Asset Purchase Agreement or as provided for herein.

13.     This Sale Order is and shall be binding upon and govern the acts of all Persons (including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials) who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease. Each of the foregoing Persons shall accept for filing any and all of the documents and instruments necessary and appropriate to release, discharge, and terminate any of the Interests or to otherwise consummate the Transactions contemplated by this Sale Order, the Asset Purchase Agreement, or any Transaction Document.

## Assigned Contracts; Cure Payments

14.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing Date, the Debtor's assumption, assignment and transfer to the Buyer of the Assigned Contracts is hereby authorized and approved in full subject to the terms set forth below. Subject to the payment of Cure Amounts (or a reserve for Cure Amounts claimed by

a counterparty to an Assigned Contract as set forth below) in accordance with the Asset Purchase Agreement, the Debtor shall, on or prior to the Closing, cure any and all other defaults and breaches under the Assigned Contracts so that such Non-Real Property Contracts and/or Real Property Leases may be assumed by the Debtor and assigned to Buyer on the Closing Date in accordance with this Sale Order, the Asset Purchase Agreement, and the Transaction Documents.  To the extent the Debtor is responsible for payment of any amounts pursuant to the terms of the Asset Purchase Agreement or Transaction Documents, the Buyer may, upon prior written notice to the Debtor and in the Buyer's sole discretion, (i) pay such amount(s) on behalf of the Debtor, in which case the Debtor shall have no further responsibility therefor and (ii) offset such amount(s) against any amount(s) Buyer may owe the Debtor (including by deducting such amounts, at the Closing, from the Purchase Price or, without duplication, recovering such amounts from the Cash Purchase Price); *provided*, *however*, that to the extent the Debtor objects to the foregoing, this Court shall retain jurisdiction over such dispute.  Notwithstanding the foregoing, to the extent that the Buyer exercises its right under the Asset Purchase Agreement to eliminate any Assigned Contract from the Assumed Contracts and Leases Schedule prior to the Closing Date, such contract shall not be assumed or assigned by the Debtor.

15.    Upon and as of the Closing, the Debtor is authorized and empowered to, and shall, assume, assign, and/or transfer each of the Assigned Contracts to the Buyer free and clear of all Interests (except as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Liens and Assumed Liabilities).  The payment of the applicable Cure Amounts (if any), or the reservation by the Buyer (on behalf of the Debtor) of an amount of cash that is equal to the lesser of (i) the amount of any cure or other compensation asserted by the applicable counterparty to such Assigned Contract as required under section 365 of the Bankruptcy Code or (ii) the amount

approved by order of this Court to reserve for such payment (such lesser amount, the "**Alleged Cure Claim**") shall, pursuant to section 365 of the Bankruptcy Code and other applicable law, (a) effect a cure, or provide adequate assurance of cure, of all defaults existing thereunder as of the Closing Date and (b) compensate, or provide adequate assurance of compensation, for any actual pecuniary loss to such non-Debtor party resulting from such default.  Accordingly, on and as of the Closing Date, other than such payment or reservation, neither the Debtor nor the Buyer shall have any further liabilities or obligations to the non-Debtor parties to the Assigned Contracts with respect to, and the non-Debtor parties to the Assigned Contracts shall be forever enjoined and barred from seeking, any additional amounts or Claims that arose, accrued, or were incurred at any time on or prior to the Closing Date on account of the Debtor's cure or compensation obligations arising under section 365 of the Bankruptcy Code.  The Buyer has provided adequate assurance of future performance under the relevant Assigned Contracts within the meaning of section 365(f) of the Bankruptcy Code.

16.     To the extent any provision in any Assigned Contract assumed or assumed and assigned (as applicable) pursuant to this Sale Order (including, without limitation, any "change of control" provision) (a) prohibits, restricts, or conditions, or purports to prohibit, restrict, or condition, such assumption or assignment or (b) is modified, breached, or terminated, or deemed modified, breached, or terminated by any of the following: (i) the commencement of this chapter 11 case, (ii) the insolvency or financial condition of the Debtor at any time before the closing of this chapter 11 case, (iii) the Debtor's assumption or assumption and assignment (as applicable) of such Assigned Contract, or (iv) the consummation of the Transactions, then such provision shall be deemed modified so as to not entitle the non-Debtor party thereto to prohibit, restrict, or condition such assumption or assignment, to modify or terminate such Assigned Contract, or to

US-DOCS\111618248.6

exercise any other default-related rights or remedies with respect thereto, including, without limitation, any such provision that purports to allow the non-Debtor party thereto to recapture such Assigned Contracts, impose any penalty thereunder, condition any renewal or extension thereof, impose any rent acceleration or assignment fee, or increase or otherwise impose any other fees or other charges in connection therewith.   All such provisions constitute unenforceable anti-assignment provisions that are void and of no force and effect pursuant to sections 365(b), 365(e), and 365(f) of the Bankruptcy Code.

17.     All requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Buyer of the Assigned Contracts have been satisfied.   Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right, title, and interest of the Debtor in and under the Assigned Contracts, and each Assigned Contract shall be fully enforceable by the Buyer in accordance with its respective terms and conditions, except as limited or modified by the provisions of this Sale Order.   Upon and as of the Closing, the Buyer shall be deemed to be substituted for the Debtor as a party to the applicable Assigned Contracts and, accordingly, the Debtor shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assigned Contracts.

18.     Upon the payment of the applicable Cure Amount or the reservation of the Alleged Cure Claim, if any, the Assigned Contracts will remain in full force and effect, and no default shall exist, or be deemed to exist, under the Assigned Contracts as of the Closing Date nor shall there exist, or be deemed to exist, any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

19.    The rights of the Buyer to modify the list of the Assigned Contracts after the date of this Sale Order and up to the earlier of (a) one (1) Business Day prior to the Closing Date as set forth in the Asset Purchase Agreement and (b) any applicable deadline under the Bankruptcy Code (including confirmation of a plan of reorganization or liquidation) are hereby approved.  Moreover, with respect to any Non-Real Property Contract or Real Property Lease that is not assumed and assigned to the Buyer on the Closing Date and provided such Non-Real Property Contract or Real Property Lease has not been rejected by Debtor after the Closing Date pursuant to section 365 of the Bankruptcy Code, upon written notice(s) from the Buyer to the Debtor given at any time after the Closing Date, the Debtor is hereby authorized to take all actions reasonably necessary to assume and assign to the Buyer pursuant to section 365 of the Bankruptcy Code any such Non-Real Property Contract(s) and/or Real Property Lease(s) as set forth in such notice(s) with any Cure Amount applicable thereto, which shall be determined by this Court after notice and a hearing in the event of a dispute, satisfied in accordance with the Asset Purchase Agreement.  Notwithstanding anything in this Sale Order to the contrary, on the date any such Non-Real Property Contract or Real Property Lease is assumed and assigned to the Buyer, such Non-Real Property Contract or Real Property Lease shall thereafter be deemed a Purchased Asset for all purposes under this Sale Order and the Asset Purchase Agreement.

20.    All counterparties to the Assigned Contracts shall be deemed to have consented to such assumption and assignment under section 365(c)(1)(B) of the Bankruptcy Code and the Buyer shall enjoy all of the Debtor's rights, benefits, and privileges under each such Assigned Contract as of the applicable date of assumption and assignment without the necessity to obtain any non-Debtor parties' written consent to the assumption or assignment thereof.

21.     Nothing in this Sale Order, the Motion, or in any notice or any other document is or shall be deemed an admission by the Debtor that any Assigned Contract is an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

22.     The failure of the Debtor or the Buyer to enforce at any time one or more terms or conditions of any Assigned Contract shall not be a waiver of such terms or conditions or of its respective rights to enforce every term and condition of the Assigned Contracts.

### Additional Injunction; No Successor Liability

23.     Effective upon the Closing Date and except as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Encumbrances and Assumed Liabilities, all Persons are forever prohibited and permanently enjoined from (i) commencing or continuing in any manner any action or other proceeding, the employment of process, or any act (whether in law or equity, in any judicial, administrative, arbitral, or other proceeding) to collect or recover any Interest; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order with respect to an Interest, (iii) creating, perfecting, or enforcing any Interest, or (iv) asserting any right of subrogation of any kind with respect to an Interest, in each case as against the Buyer, or any of its respective Affiliates or Subsidiaries, or any of their respective Representatives, or any of their respective property or assets, including the Purchased Assets.

24.     The Transactions contemplated by the Asset Purchase Agreement and the Transaction Documents do not cause there to be, and there is not, (i) a consolidation, merger, or *de facto* merger of the Buyer with or into the Debtor or the Debtor's estate, or vice versa; (ii) a substantial continuity between the Buyer and the Debtor or the Debtor's estate, (iii) a common identity between the Buyer and the Debtor or the Debtor's estate, or (iv) a mere continuation of the Debtor or the Debtor's estate with the Buyer.

25.     Except as expressly set forth in the Asset Purchase Agreement with respect to the Permitted Encumbrances and Assumed Liabilities, the transfer of the Purchased Assets, including, without limitation, the assumption, assignment, and transfer of any Assigned Contract, to the Buyer shall not cause or result in, or be deemed to cause or result in, the Buyer, any of its respective Affiliates or Subsidiaries, or any of their respective Representatives, having any liability, obligation, or responsibility for, or any Purchased Assets being subject to or being recourse for, any Interest whatsoever, whether arising under any doctrines of successor, transferee, or vicarious liability, breach of fiduciary duty, aiding or abetting breach of fiduciary duty, or otherwise, whether at law or in equity, directly or indirectly, and whether by payment or otherwise.

**Good Faith**

26.     The Transactions contemplated by this Sale Order, the Asset Purchase Agreement, and Transaction Documents are undertaken by the Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale and other Transactions shall not alter, affect, limit, or otherwise impair the validity of the Sale or such other Transactions (including the assumption, assignment, and/or transfer of the Assigned Contracts), unless such authorization and consummation are duly stayed pending such appeal.  The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to, and is hereby granted, the full rights, benefits, privileges, and protections of section 363(m) of the Bankruptcy Code.

**Other Provisions**

27.     The Buyer is hereby authorized, in its discretion, in connection with consummation of the Transactions, to allocate the Purchased Assets, Assumed Liabilities, and Assigned Contracts

among its Affiliates, Subsidiaries, designees, assignees, and/or successors in a manner as it, in its discretion, deems appropriate, and such Person shall be entitled to all of the rights, benefits, privileges, and protections of the Buyer as are accorded to the Buyer under this Sale Order, and the Debtor shall, to the extent set forth in the Asset Purchase Agreement and Transaction Documents, cooperate with and take all actions reasonably requested by Buyer to effectuate any of the foregoing.  The Buyer is authorized to designate one or more designees to acquire the Purchased Assets, including, without limitation, any Assigned Contracts, in accordance with the Asset Purchase Agreement; in the event that the Buyer designates any designee to acquire any Purchased Assets, including, without limitation, any Assigned Contracts, then any reference to the "Buyer" in this Sale Order shall be deemed to be a reference to "the Buyer and/or such applicable designee," unless the context requires otherwise.  Upon the transfer of any Purchased Asset or Assigned Contract to, or the assumption of any Assumed Liability by, a designee, such designee shall be solely responsible for such Purchased Asset, Assumed Liability, or Assigned Contract (including performance thereunder), as applicable.

28.     Pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the stays provided in Bankruptcy Rules 6004(h) and 6006(d) are hereby expressly waived and shall not apply.  Accordingly, the Debtor is authorized and empowered to close the Sale and other Transactions immediately upon entry of this Sale Order.

29.     Nothing in this Sale Order shall modify or waive any closing conditions or termination rights set forth in the Asset Purchase Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

30.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Transactions.

31.     All such obligations shall constitute allowed administrative claims against the Debtor with administrative expense status under sections 503(b) and 507(a)(2) of the Bankruptcy Code.  All such obligations shall be subject to the provisions of this Court's *Final Order (I) Authorizing Postpetition Use of Collateral, (II) Granting Adequate Protection, and (III) Granting Related Relief* [Docket No. 127] (the "**Cash Collateral Order**").  Until satisfied in full in cash, all such obligations shall continue to have the protections provided in this Sale Order and shall not be discharged, modified, or otherwise affected by any reorganization plan for the Debtor.

32.     The failure specifically to include any particular provision of the Asset Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Asset Purchase Agreement be authorized and approved in its entirety.

33.     The Asset Purchase Agreement and Transaction Documents may be modified, amended, or supplemented in a writing signed by the parties thereto, following notice to the U.S. Trustee, the Creditors' Committee and the Prepetition Lender, and in accordance with the terms thereof, provided that that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate or its creditors, without further notice to or order of this Court.

34.     This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b), to, among other things, (i) interpret, implement, and enforce the terms and provisions of this Sale Order, the Asset Purchase Agreement, the Transaction Documents, and any amendments thereto and any waivers and consents given thereunder, (ii) compel delivery of the Purchased

Assets to the Buyer, (iii) enforce the injunctions and limitations of liability set forth in this Sale Order, and (iv) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Assigned Contracts.

35.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.     The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the provisions of this Sale Order and the terms and conditions of the Asset Purchase Agreement and the Transaction Documents.

37.     The rules of construction set forth in section 1.2 of the Asset Purchase Agreement shall apply to this Sale Order, *mutatis mutandis*.

38.     Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this chapter 11 case, (b) any subsequent chapter 7 case into which the chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Asset Purchase Agreement or the terms of this Sale Order.  To the extent of any such conflict or derogation, the terms of this Sale Order shall govern.

39.     To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Motion, the terms of this Sale Order shall govern; *provided* that nothing contained herein shall be alter any provisions of the Cash Collateral Order.

40.     To the extent there are any inconsistencies between the terms of this Sale Order or the Bidding Procedures Order, on the one hand, and the Asset Purchase Agreement or any Transaction Document, on the other hand, the terms of this Sale Order and the Bidding Procedures Order shall govern, as applicable.

**Dated: December 10th, 2019**
**Wilmington, Delaware**

29

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**