**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
SIENNA BIOPHARMACEUTICALS,                              :   Case No. 19-12051 (MFW)
INC.,                                                   :
                                                        :   **Req. Hearing Date: Dec. 18, 2019, at 11:30 (ET)**
                        Debtor.[1]                      :   **Req. Obj. Deadline: Dec. 18, 2019 at 10:00 (ET)**
                                                        x
------------------------------------------------------- 

**MOTION OF DEBTOR FOR ENTRY OF ORDER
(I) CONVERTING CHAPTER 11 CASE TO CASE UNDER CHAPTER 7,
(II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11
FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF**

Sienna Biopharmaceuticals, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents as follows in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

1. By this Motion, pursuant to section 1112(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "**Order**"): (i) converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code, (ii) establishing a deadline for filing final chapter 11 fee applications, and (iii) granting related relief. In support of the Motion, the Debtor relies upon and incorporates by reference the *Declaration of*

---

[1] The last four digits of the Debtor's federal tax identification number are 4627. The Debtor's mailing address is 30699 Russell Ranch Road, Suite 140, Westlake Village, California 91362.

*Frederick C. Beddingfield III in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 2] (the "**First Day Declaration**").

## JURISDICTION

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgements consistent with Article III of the United States Constitution.

## BACKGROUND

4. On September 16, 2019 (the "**Petition Date**"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for Region 3 appointed a statutory committee of unsecured creditors (the "**Committee**"). No trustee or examiner has been appointed in this chapter 11 case.

5. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the First Day Declaration.

6. On September 17, 2019, the Debtor filed the *Motion of Debtor for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, (IV) Modifying Automatic Stay, and (V) Granting*

*Related Relief* [Docket No. 10] (the "**Cash Collateral Motion**"). As set forth in the Cash Collateral Motion and other pleadings, the Debtor commenced this chapter 11 case to provide sufficient time and liquidity to run a value-maximizing sale process for the benefit of its stakeholders, and required the use of cash collateral of its Prepetition Lender in order to continue its operations and efforts to market its assets to maximize value for all stakeholders.

7. On September 18, 2019, the Court entered the *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and Local Rule 4001-2, and (IV) Granting Related Relief* [Docket No. 38] (the "**Interim Cash Collateral Order**"). On October 16, 2019, the Court entered the *Final Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Related Relief* [Docket No. 127] (the "**Final Cash Collateral Order**"), authorizing the Debtor's use of cash collateral in accordance with the 13-week budget attached as Exhibit 1 to the Interim Cash Collateral Order (as updated and modified from time to time in accordance with the Final Cash Collateral Order, the "**Budget**"). The Budget does not continue beyond the week ending December 13, 2019.

8. On October 22, 2019, the Debtor filed the *Motion of Debtor for Entry of Order (I)(A) Establishing Bidding Procedures, Assumption and Assignment Procedures, and Stalking Horse Procedures for Sale of Substantially All Assets, (B) Scheduling Auction and Sale Hearing, and (C) Approving Form and Manner of Notice Thereof, (II) Approving Sale of Substantially All Assets Free and Clear of Liens, Encumbrances, and Other Interests, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 142] (the "**Bidding Procedures Motion**").

9. On November 13, 2019, the Court entered an order approving the Bidding Procedures Motion [Docket No. 205] (the "**Bidding Procedures Order**"). In accordance with the Bidding Procedures Order, the Debtor held an auction for the sale of certain of its assets on December 5, 2019. On the same day, following the conclusion of the auction, the Debtor filed the *Notice of Successful Bidder* [Docket No. 241], identifying Sebacia, Inc. as the Successful Bidder for the Topical Photoparticle Therapy™ assets, a/k/a/ SNA 001 (as more specifically set forth in the applicable definitive documents) (the "**Purchased Assets**"), and Dr. Mitchel P. Goldman as the Backup Bidder. The hearing to approve the sale of the Purchased Assets was held on December 10, 2019 (the "**Sale Hearing**"), at which time the Court entered the *Order (A) Authorizing and Approving (1) Sale of Substantially All of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests, and (2) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (B) Granting Related* [Docket No. 247]. The Debtor has not received any bids for the Topical by Design™ assets, a/k/a SNA 120 and SNA 125, or its other assets. The Debtor's available cash and proceeds of the sale are not sufficient to repay the Prepetition Lender in full.

10. The Debtor engaged in negotiations with the Prepetition Lender to extend the Debtor's use of cash collateral to facilitate a chapter 11 plan process; however, the Prepetition Lender has informed the Debtor that it will not consent to extend cash collateral use to fund a chapter 11 plan process. The Debtor has no further sources of financing, no sources of additional funds, and lacks the ability to fund ongoing administrative expenses that may be incurred after the closing of the sale. Therefore, the Debtor submits that converting the chapter 11 case to a case under chapter 7 at this time is warranted and necessary and in the best interests of its stakeholders at this time under the circumstances of this case. Pursuant to the Final Cash Collateral Order, upon

the occurrence of a Termination Event and following 5 business days' notice, the Prepetition Lender is permitted to exercise remedies under the Final Cash Collateral Order, unless otherwise directed by the Court prior to expiration of the notice period set forth in the Final Cash Collateral Order; accordingly, the Debtor seeks to have this Motion heard on shortened notice and seeks a hearing prior to expiration of such notice period.

## BASIS FOR RELIEF REQUESTED

11. Conversion is afforded to the Debtor as a matter of right. This is clear from the statute, its legislative history, and the applicable case law interpreting Bankruptcy Code section 1112(a). Section 1112(a) provides that a debtor "may convert a case under [chapter 11] to a case under chapter 7 unless (1) the debtor is not a debtor in possession[,] (2) the case originally was commenced as an involuntary case . . . or (3) the [case was previously converted]." 11 U.S.C. §1112(a). Unless one of those three circumstances is present (none of which are applicable here), a chapter 11 debtor's right to convert its case to one under chapter 7 is absolute. See H.R. Rep. No. 95-595, 1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case.").

12. The majority of courts, including the Bankruptcy Court for the District of Delaware, have held that a debtor's right to convert its case from chapter 11 to chapter 7 is absolute. *In re Constellation Enterprises LLC*, Case No. 16-11213 (CSSHr. Tr. Sept. 27, 2017 at pg. 35[2] ("I find and rule that the debtors have an absolute right to convert these cases. Cause does not need to be established, nor are there any exceptions."); *In re Cal Dive International, Inc.*, Case No. 15-10458 (CSS), Hr. Tr. Mar. 8, 2017 at pg. 11 ("The debtors obviously have a right to convert under

---

[2] The relevant excerpts of the September 27, 2017, transcript in Constellation are attached hereto as **Exhibit B**.

5

the law…."); *In re Kimrow, Inc.*, 534 B.R. 219, 223 (Bankr. M.D. Ga. 2015) (finding § 1112(a) "unequivocal[ly]" gives a chapter 11 debtor the right to convert its case to one under chapter 7); *In re Dieckhaus Stationers of King of Prussia Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) ("[Section 1112(a)] by its terms gives the debtor an absolute right to convert, unless the case is governed by one of the enumerated exceptions."); *Abbott v. Blackwelder Furniture Co.*, 33 B.R. 399, 401 (W.D.N.C. 1983) ("Congress provided the Chapter 11 debtor with the absolute right to accomplish voluntary conversion to a Chapter 7 liquidation without Court approval."). As such, the Debtor should be permitted to convert this chapter 11 case as a matter of right.

13. Additionally, conversion of this chapter 11 case to a case under chapter 7 at this time is in the best interests of the Debtor's estate, creditors and other interested parties. Simply put, without access to cash collateral, the Debtor no longer has funding to administer this chapter 11 case and, therefore, conversion is in the best interests of the Debtor's estate and its stakeholders. Although there may be estate assets in the form of certain causes of action that may be liquidated in order to satisfy certain creditor claims, without an ability to fund ongoing administrative expenses, the Debtor cannot pursue the recovery of those assets or prosecute a chapter 11 plan. Accordingly, as it is unlikely that the Debtor could solicit, confirm, and consummate a chapter 11 plan (particularly absent support from its secured lender), the Debtor respectfully submits that a chapter 7 trustee will be able to efficiently and effectively bring this case to conclusion.

14. Finally, the Debtor further requests that the Court establish a deadline of thirty (30) days after the Conversion Date for professionals to file their final fee applications and statements (the "**Final Fee Bar Date**"). This will enable the Debtor's estate to definitively determine the final amounts owed to professionals for chapter 11 expenses to be paid from the amounts retained under the Budget. The Debtor also requests that the Court establish a hearing

date (the "**Fee Hearing**") to consider approval of final fee applications, at the Court's earliest convenience subsequent to the Final Fee Bar Date.

## NOTICE

15. Notice of this Application will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to Silicon Valley Bank; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor believes that no further notice is required.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtor respectfully requests entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  December 13, 2019  **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Wilmington, Delaware

 */s/ Joseph M. Mulvihill*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Joseph M. Mulvihill (No. 6061)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:   (302) 571-1253
Email:         mnestor@ycst.com
                    kcoyle@ycst.com
                    jmulvihill@ycst.com

- and -

**LATHAM & WATKINS LLP**

Peter M. Gilhuly (admitted *pro hac vice*)
Ted A. Dillman (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone:  (213) 485-1234
Facsimile:   (213) 891-8763
Email:         peter.gilhuly@lw.com
                    ted.dillman@lw.com

*Counsel for Debtor and Debtor in Possession*