# EXHIBIT A

## Order

25669340.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                           :
In re:                                                     :  Chapter 11
                                                           :
SIENNA BIOPHARMACEUTICALS,                                 :  Case No. 19-12051 (MFW)
INC.,                                                      :
                                                           :
           Debtor.[1]                                      :  **Ref. Docket No. ___**
                                                           x
----------------------------------------------------------

**ORDER (I) CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Sienna Biopharmaceuticals, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order pursuant to section 1112(a) of the Bankruptcy Code, (i) converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code, (ii) establishing a deadline for filing final chapter 11 fee applications, and (iii) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish

---

[1]  The last four digits of the Debtor's federal tax identification number are 4627. The Debtor's mailing address is 30699 Russell Ranch Road, Suite 140, Westlake Village, California 91362.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. Effective as of the date of the entry of this Order, the Debtor's chapter 11 case shall be converted to a case under chapter 7 of the Bankruptcy Code.

3. Professionals subject to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 108] (the "**Compensation Procedures Motion**") shall file final statements and applications for compensation (including, without limitation, fees and expenses that are not the subject of any previous application, and any "holdback" retained in accordance with the Compensation Procedures Motion (collectively, the "**Fee Applications**") on or before _____, **2019, at 4:00 p.m. (prevailing Eastern Time)**. Objections, if any, to a Fee Application must be filed and served on counsel to the Debtor and the party filing such Fee Application, so as to be actually received on or before _____**, 2019, at 4:00 p.m. (prevailing Eastern Time)**. A hearing on such timely filed final Fee Applications shall be held before this Court on _____, 2019 at \_\_\_:\_\_\_ \_\_.m. (ET) (the "**Fee Hearing**").

4. The Debtor shall:

    (a) within seven (7) days of entry of this Order, turn over to the chapter 7 trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

    (b) within fourteen (14) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and before the conversion date, which schedule shall include the name and address of each creditor holding any such debt;

2

      and

      (c) within thirty (30) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the Office of the United States Trustee.

5. Nothing in this Order or the conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court (or documents related thereto) entered during this chapter 11 case, and all rights and remedies in connection with such orders shall be preserved in their entirety.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.