# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIENNA BIOPHARMACEUTICALS, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 19-12051 (MFW) |
| | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into as of August 23, 2021, by and between Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Sienna Biopharmaceuticals, Inc. (the "Debtor", and/or "Sienna"), and Baker & McKenzie LLP ("Baker"; and together with the Trustee, the "Parties") with reference to the following facts and recitals:

WHEREAS, on September 16, 2019 (the "Petition Date"), the Debtor commenced this case, Case No. 19-12051 (MFW), (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code §§ 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

WHEREAS, on December 13, 2019, the Debtor filed a motion to convert its case to a case under Chapter 7 of the Bankruptcy Code, [D.I. 254], and on December 18, 2019, the Court entered an order converting the case to a case under Chapter 7, [D.I. 266]; and

WHEREAS, on or about December 18, 2019, Jeoffrey L. Burtch was appointed as Chapter 7 interim trustee pursuant to Section 701 of the Bankruptcy Code in the Bankruptcy Case; and subsequent, to the 11 U.S.C. § 341 Meeting of Creditors completed on February 6, 2020, Mr. Burtch serves as the Trustee under 11 U.S.C. § 702(d) of the Bankruptcy Code; and

WHEREAS, the Trustee has analyzed all readily available information of the Debtor and those records indicate that in the 90 days preceding the Chapter 7 filing, Baker allegedly received preferential transfers totaling $50,264.49 (the "Preferential Claim" and/or the "Alleged Transfers"); and

WHEREAS, on June 11, 2021 the Trustee sent a letter to Baker identifying certain alleged preferential Transfers from the Debtor to Baker in the amount of $50,264.49 and made demand upon Baker to return the Transfers (the "Demand Letter"); and

WHEREAS, Baker has responded to the Demand Letter, has denied any liability with respect to the Transfer, and has asserted various defenses to the Trustee's ability to avoid and recover the Transfers; and

WHEREAS, in order to avoid the costs, risks and delay of litigation, the Parties have

determined to resolve their disputes relating to the foregoing matters on the terms and subject to the conditions set forth in this Settlement Agreement; and

NOW, THEREFORE, the Parties agree as follows:

1. The recitals set forth above are incorporated herein by reference.

2. Baker agrees to pay to the Trustee, and the Trustee agrees to accept, the sum of $19,896.43 (the "Settlement Amount") in full and complete satisfaction of the Trustee's Preferential Claim to avoid and recover the Alleged Transfer(s) on any and all grounds arising under Chapter 5 and/or Sections 541, 544, 547, 548 and/or 549 of the Bankruptcy Code and under any state law preferential or fraudulent conveyance statutes. Baker shall pay the Settlement Amount and return an executed Settlement Agreement within twenty business days after August 23, 2021, and the Trustee's email notification to counsel for Baker of the Trustee's settlement confirmation (the "Settlement Date").

3. The Settlement Amount due pursuant to this Settlement Agreement shall be made in immediately available funds, or business check, payable to the order of "Jeoffrey L. Burtch, Chapter 7 Trustee for Sienna Biopharmaceuticals, Inc."; and with the executed Settlement Agreement shall be delivered to the Trustee in care of his counsel at the following address:

> Robert W. Pedigo, Esq.
> COOCH AND TAYLOR
> P.O. Box 1680
> The Nemours Building
> 1007 N. Orange Street, Suite 1120
> Wilmington, DE 19899-1680

4. If a business check is issued, this Settlement Agreement is conditioned on the business check being honored by the bank for the payor.

5. If the Settlement Amount is not made in compliance with the deadline stated in paragraph two above, interest shall accrue at the legal rate immediately upon noncompliance. Alternatively, if the Settlement Amount is not made in compliance with the deadline stated in paragraph two above, the Trustee, in his sole discretion, (i) may consider this Settlement Agreement null and void by providing prompt written notice to the Baker, (ii) may retain any portion of the Settlement Amount already collected and (iii) may continue to pursue the difference between the amount of the Preferential Claim and the amount already collected from the Baker. In the event of any suit or action based on breach of this Settlement Agreement, including, but not limited to, failure to pay the Settlement Amount per the terms set forth in paragraph two, the Plaintiff shall be entitled to recover his reasonable costs, including, but not limited to, attorney fees in addition to such other remedies as may be allowed by law.

6. Baker waives all claims (pre-petition or post-petition, general, unsecured, priority and administrative), and its right under 11 U.S.C. § 502(h) and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim against the Debtor's Estate for the Settlement Amount.

7. Upon full and final payment of the Settlement Amount to the Trustee, the Trustee on the one hand, and Baker on the other hand, in respect of the mutual promises and other consideration recited in this Settlement Agreement, hereby release each other and their

respective predecessors in interest, successors, affiliates, partners, principals, directors, officers, employees, agents, attorneys and assigns of any and all obligations, claims, and demands arising out of, by reason of, or relating to the Debtor or the Estate, including, but not limited to, the Alleged Transfer(s) or the Trustee's claim to avoid and recover the Alleged Transfer(s), except that the obligations arising out of this Settlement Agreement are not released. Nothing in this paragraph seven or elsewhere in this Settlement Agreement shall be deemed to limit the Trustee's rights of discovery against the Baker in connection with the Trustee's administration of this case.

8. Each Party represents and warrants that it owns and has not assigned or otherwise transferred to any other person or entity all such Party's rights and claims as are being altered or otherwise affected by this Settlement Agreement. In the event that a party breaches the warranty of this paragraph 8, the release it received in paragraph 7 shall be null and void.

9. The Parties acknowledge that this Settlement Agreement is a compromise of a disputed claim and that neither admits, and each expressly denies, any liability on its part.

10. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

11. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible), if any, and that they have had a reasonable period of time to consider this Settlement Agreement and, if so desired, consult with counsel.

12. The Parties agree that each Party and its counsel have reviewed this Settlement Agreement, and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

13. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

14. Should any provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

15. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

16. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

17. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

18. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware. Each of the Parties irrevocably consent to the jurisdiction of this Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

19. This Settlement Agreement may be executed in one or more counterparts, including by email and facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

20. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party and to bind his/her respective client(s) to the terms and conditions of this Settlement Agreement.

21. If, for any reason, the Bankruptcy Court has not entered an Order approving the Settlement Agreement pursuant to a 9019 Motion by September 15, 2021, Baker and the Trustee agree to toll the 11 U.S.C. § 546(e) two-year statute of limitations until December 31, 2021, for the Trustee to bring avoidance actions.

22. This Settlement Agreement shall be effective upon execution by Baker and the Trustee, and subject only to any necessary approval by the Bankruptcy Court. After the Parties to this agreement have executed this document and the Trustee has received the full Settlement Amount, the Plaintiff will proceed to file any necessary papers in the United States Bankruptcy Court for the District of Delaware to obtain court approval of this Settlement Agreement. If, for any reason, this Settlement Agreement is voided or not approved by the Bankruptcy Court having jurisdiction over the bankruptcy proceeding, the Settlement Agreement shall be deemed null and void and the Trustee shall promptly return any portion of the Settlement Amount received by the Trustee to Baker & McKenzie LLP.

*(The rest of the page intentionally left blank)*

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement.

_____
Authorized Representative
Baker & McKenzie LLP

Print name: Darcy Down

Title: Principal

Dated: ___August 26, 2021___

_____
Jeoffrey L. Burtch, Chapter 7 Trustee for
Sienna Biopharmaceuticals, Inc.
919 N. Market Street, Suite 460
Wilmington, DE 19801

Dated: ___8/26/21___

5