**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SIENNA BIOPHARMACEUTICALS, INC., | Case No. 19-12051 (MFW) |
| Debtor. | Hearing Date: June 8, 2022 at 2:00 p.m. (ET)<br>Objection Deadline: June 1, 2022 at 4:00 p.m. (ET) |

**FIRST OMNIBUS MOTION OF CHAPTER 7 TRUSTEE
FOR AN ORDER APPROVING SETTLEMENTS OF CERTAIN
AVOIDANCE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019**

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Sienna Biopharmaceuticals, Inc. (the "Debtor"), hereby files this first omnibus motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), seeking the entry of an order approving settlements of certain avoidance claims (collectively, the "Settlements") with certain Settling Parties (as defined herein) identified on **Exhibit A** to this Motion and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Settlements. In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

3. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court (the "Local Rules"), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## BACKGROUND

4. On September 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

5. On December 18, 2019, the Bankruptcy Case was converted to a case under chapter 7 of the Bankruptcy Code.

6. Jeoffrey L. Burtch was appointed as interim trustee on or about December 18, 2019, pursuant to Section 701 of the Bankruptcy Code. The Trustee now serves as trustee pursuant to Section 702(d).

7. In accordance with his duties under the Bankruptcy Code, the Trustee, together with his counsel, has reviewed the Debtor's available books and records and investigated the Estate's potential causes of action.

8. Upon his review, the Trustee determined that the Debtor's available books and records indicated that certain entities received transfers of funds or other property from the Debtor in the 90 days preceding the commencement of the Debtor's Bankruptcy Case (the "Transfer Recipients"). The Trustee believes that these transfers to the Transfer Recipients may be avoidable pursuant to section 547 of the Bankruptcy Code and recoverable pursuant to section 550 of the Bankruptcy Code (the "Transfers").

9. In an attempt to recover the Transfers, the Trustee issued certain demands on the Transfer Recipients (together, the "Avoidance Demands"), which demanded the return of the

Transfers made to such Transfer Recipient.

10. Subsequently, on or around September 15, 2021, the Trustee also initiated twelve (12) adversary proceedings by filing complaints to avoid and recover Transfers from the Transfer Recipients (the "Adversary Proceedings" and, together with the Avoidance Demands, the "Avoidance Matters").

11. In response to the Avoidance Demands and/or the Adversary Proceedings, certain of the Transfer Recipients have contacted the Trustee in written form and/or informally via dialogue with counsel to the Trustee, denying liability with respect to the Transfers, and asserting various defenses to the Trustee's ability to avoid and recover the Transfers, including but not limited one or more of the following: (i) ordinary course of business defenses, (ii) subsequent new value defenses, and/or (iii) contemporaneous exchange for new value defenses. Accordingly, some of the Transfer Recipients, including the Settling Parties (as defined below), have alleged that they have a complete defense to the Transfers sought to be recovered by the Trustee through the Avoidance Matters and/or that their net exposure after taking into consideration such defenses is significantly less than the total amount of the Transfers sought to be recovered by the Trustee.

12. One (1) of the Transfer Recipients promptly returned the Transfers less the 5% discount initially offered by the Trustee in his Avoidance Demands.

13. Altogether, after arms-length negotiations between the parties, in order to avoid the potential costs, risks, and delays of litigation, the Trustee has settled, subject to Bankruptcy Court approval, certain Avoidance Matters against fourteen (14) of the Transfer Recipients (the "Settled Matters" with the "Settling Parties").

14. A list containing the name of each of the Settling Parties, the total Transfers sought to be recovered from each, and the amount paid to the Trustee (the "Settlement Amounts") by each


of the Settling Parties in settlement of the Avoidance Matters is attached hereto as <u>Exhibit A</u> and incorporated herein by reference. All of the Settlement Amounts have been received by the Trustee subject to approval of this Motion.

## RELIEF REQUESTED

15. By this Motion, the Trustee respectfully seeks an order of this Bankruptcy Court approving the Settlements identified on <u>Exhibit A</u> and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the Settlements and providing that the Bankruptcy Court shall retain jurisdiction to enforce the Settlements.

## BASIS FOR RELIEF REQUESTED

16. This Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Rule 9019 grants the Bankruptcy Court authority to approve settlements of claims and controversies after notice and a hearing.[1] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). In addition, courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

17. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In*

---

[1] Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

*re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

(a)    The probability of success in the litigation;

(b)    The complexity, expense and likely duration of the litigation;

(c)    The possibilities of collecting on any judgment which might be obtained;

(d)    All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(e)    Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968); *see also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Bankruptcy Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Bankruptcy Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy at ¶ 9019.2, 9019-4, *quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

18.    The Settlements and the proposed compromises embodied therein meet all of the above criteria. Without the Settlements, the Estate would face potentially complex, time-consuming and expensive litigation, including but not limited to one or more of the following:

(i) proving the *prima facie* elements of the Avoidance Matters against the Settling Parties, and/or (ii) seeking the avoidance and recovery of the Transfers identified on <u>Exhibit A</u> from the Settling Parties through the Adversary Proceedings.

19. Moreover, if the Settled Matters were further litigated, the Settling Parties may be able to prove that none of the Transfers sought to be recovered from the Settling Parties are avoidable and/or recoverable by the Estate as a result of the Settling Parties' alleged defenses, including but not limited to the ordinary course of business and/or new value defenses. Therefore, without the Settlements, the Trustee may recover substantially less benefit for the Estate than the Settlement Amounts, particularly after considering the additional costs associated with continuing to litigate these Settled Matters.

20. Finally, in making the decision to enter into the Settlements, the Trustee has considered, among other factors: (i) the expenses that the Estate would incur in prosecuting the Settled Matters, (ii) the probability of success in prosecuting the Settled Matters in light of the Settling Parties' asserted defenses, (iii) the uncertainty of success in collecting on any judgments obtained against the Settling Parties, (iv) the need and benefit of resolving litigation in an expeditious manner, such as in the present Settled Matters in which the substantial Settlement Amounts have already been paid to the Trustee subject to the Bankruptcy Court's approval of this Motion, (v) the fact that the Settlement Amounts provided for in the Settlements represent substantial recoveries for the Estate, and (vi) that an adverse decision in one proceeding could impair the value to remaining actions in light of the similarity of the facts and issues in dispute.

21. Based on the foregoing, the Trustee respectfully submits that all of the foregoing factors demonstrate that the Settlements are fair and equitable settlements, which meet or exceed

the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interests of the Estate and the Debtor's creditors.

22.  Notice of this Motion has been given to: (a) counsel to the Debtor, (b) the United States Trustee, (c) the Settling Parties and/or their counsel, if known, (d) the Debtor's twenty largest unsecured creditors, and (e) all parties in interest having requested notice to date pursuant to Bankruptcy Rule 2002 (the "Service Parties").  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order, substantially in the form attached hereto: (i) approving the Settlements identified on Exhibit A; (ii) authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Settlements; and (iii) providing that the Bankruptcy Court retain jurisdiction to enforce the Settlements.

Dated:  April 26, 2022

COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Fax: (302) 295-2013
Email:  mfelger@cozen.com
gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch,
Chapter 7 Trustee*